**FILED - GR**
July 21, 2009 12:26 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw__/_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Harbor Watch Development, LLC, a
Michigan limited liability company,

    Plaintiff,

v.

Summit Financial and Investment Group, LLC, a
Utah limited liability company,

J. Kim Powell a/k/a/ Kim J. Powell,
a State of Utah resident, and

Bryan Patrice,
a State of New York resident,

    Defendants.

Case No:  **1:09-cv-670**

Judge: **Paul L Maloney**
**Chief U.S. District Judge**

---

| RUNNING WISE & FORD, PLC |
| Michael Corcoran (P41254) |
| 326 State St. P.O. Box 686 |
| Traverse City, MI 49685-0686 |
| Attorneys for Plaintiff |
| (231) 946-2700 |

---

### VERIFIED COMPLAINT AND JURY DEMAND

There is no other pending or resolved
civil action arising out of the transactions
or occurrences alleged in the complaint

### COMPLAINT

**NOW COMES PLAINTIFF**, by and through its attorneys, Running Wise & Ford, PLC, for its complaint against Defendants states as follows:

## SUMMARY OF COMPLAINT

Plaintiff, a real estate development company, was damaged by materially false and misleading statements made by Defendants between the months of August 2006 and July 2007. It is now obvious that Defendants conspired and successfully committed fraud upon Plaintiff by inducing Plaintiff to pay substantial "up front" fees in connection with Defendants' promises to obtain financing for Plaintiff's development project. Defendants' unlawful conduct also deprived plaintiff of related business opportunities measuring in the millions of dollars. This action is commenced to hold defendants accountable for their misconduct and to recover Plaintiff's significant losses.

## Parties, Jurisdiction and Venue

1. Plaintiff, Harbor Watch Development, LLC, is a Michigan limited liability company and having a place of business at 932 Spring Street, Petoskey, Michigan.

2. Defendant Summit Financial and Investment Group, LLC ("SFIG") is, upon information and belief, a Utah limited liability company having its principal place of business at 10421 South Jordan Gateway, Suit 600, South Jordan, Utah 84095.

3. Defendant J. Kim Powell, a/k/a Kim J. Powell ("Powell") is, upon information and belief, a resident of the State of Utah.

4. Defendant Bryan Patrice ("Patrice") is, upon information and belief, a resident of the State of New York.

5. The Court has jurisdiction over this matter under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

6. The United States District Court for the Western District of Michigan has personal jurisdiction over Defendants because Michigan's long-arm statute, as codified in

M.C.L. 600.705 clearly vests this state's judicial forums with personal jurisdiction over Defendants. Further, the exercise of jurisdiction over Defendants comports with traditional notions of due process and fair play. In support of this allegation, Plaintiff, while preserving its right to present additional evidence and bases for jurisdiction, respectfully shows the following facts:

    a.    Defendants transacted business in Michigan;

    b.    Defendants contracted to supply services in Michigan;

    c.    Defendants availed themselves intentionally of the benefits of doing business in Michigan;

    d.    Defendants produced, promoted, sold, marketed, and/or distributed their services in Michigan and, thereby, have purposefully profited from their access to markets in Michigan;

    e.    Defendants caused tortuous damage by act or omission in Michigan;

    f.    Defendants otherwise had the requisite minimum contacts with Michigan such that, under the circumstances, it is fair and reasonable to require Defendants to come to this Court to defend this action.

7.    Venue is proper under 28 U.S.C. § 1391, because acts giving rise to the causes of action alleged in this complaint arose in, among other places, the Western District of Michigan, and the harmful effects of Defendants' fraud and wrongful conduct were felt in, among other places, in the Western District of Michigan.

### General Allegations

8.    Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

3

9. Plaintiff is a Michigan corporation whose principal business involves the acquisition, development and sale of real property.

10. In early 2006, Plaintiff began seeking refinancing for an ongoing development project referred to as Harbor Watch Development ("Harbor Watch") located in Petoskey Michigan.

11. Defendant Patrice's services were engaged by Plaintiff to find financing for the Harbor Watch project.

12. Defendant Patrice falsely held himself out to Plaintiffs as having had extensive experience working with Defendant Powell and SFIG.

13. Defendant Patrice further falsely represented to Plaintiffs that his past experience and dealings with Defendants Powell and SFIG was favorable.

14. Defendant Powell held himself and SFIG out to Plaintiff as being uniquely qualified in obtaining for real estate development companies, such as Plaintiff's, financing and/or acquisition of large sums of capital to provide funding for development projects.

15. Defendants Powell and SFIG falsely represented that, by working with their unique contacts, "investors," and "debt providers," they could arrange to provide Plaintiff with financing for the Harbor Watch project.

16. Defendants Powell and SFIG, upon information and belief were not able and would never be able to participate in or otherwise arrange any legitimate financial transaction that would effectuate the transfer of capital to Plaintiff.

17. Defendants Powell and SFIG intended to induce Plaintiff to pay a substantial advance fee to Defendants when Defendants knew (or reasonably should have known) that Plaintiff would receive no benefit or consideration for its fee.

18.     Defendants Powell and SFIG, upon information and belief, had previously utilized similar representations and tactics to defraud others within the United States.

19.     The false and material statements, representations and concealments described herein were made by Defendants Powell and SFIG for the express purpose of creating a relationship of trust and confidence with Plaintiff to induce Plaintiff to tender a large advance fee to Defendants. At the time these statements and representations were made, the Defendants knew they were false or acted in utter and reckless disregard as to the truth of the matters that they asserted.

20.     Defendants Powell and SFIG further injured Plaintiff by systematically and methodically "stringing" it along by making repeated false promises of a closing date for funding when Defendant's knew, in fact, that a closing was never to take place. Thus, inducing Plaintiff to rely on those statements that funding was forthcoming (within a week), and therefore foregoing other—legitimate—options until finally, time ran out and Plaintiff was forced to liquidate its interest in the project.

21.     Defendants Powell and SFIG's actions show that Defendants never had any intention of arranging for financing for the Harbor Watch Project.

### Count 1 - Fraud

22.     Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

23.     Defendant Patrice made false affirmative representations of material fact to Plaintiff for the purpose of inducing the reasonable reliance of Plaintiff. *Inter alia.*, Defendant falsely represented his relationship with Defendants Powell and SFIG by assuring Plaintiff that he has always had positive results working with them.

24. Defendant Patrice, upon information and belief, had never worked with Defendants Powell and SFIG prior to introducing Plaintiff to them.

25. Defendant Patrice's representations were materially false and misleading at the time they were made by defendants.

26. Defendants Powell and SFIG made false affirmative representations of material fact to Plaintiff for the purpose of inducing the reasonable reliance of Plaintiff. *Inter alia.*, Defendants falsely described and promoted various financing sources and purported investment and commercial finance proposals to Plaintiff and repeated assertions that the closing of the aforementioned financing would take place within a few days when Defendants knew that Plaintiff would never obtain the promised financing.

27. Defendants Powell and SFIG's representations were materially false and misleading at the time they were made by defendants.

28. Plaintiff reasonably relied on the material misrepresentations made by Defendants.

29. Defendants knew the foregoing representations were false at the time they were made. Alternatively, defendants made the foregoing representations recklessly, without any regard to their truth, and made the representations as positive assertions of the truth.

30. Defendants made the foregoing false and misleading representations with the intention that they should be relied upon by plaintiff.

31. Plaintiff reasonably relied upon Defendants' false representations and acted upon them. *Inter alia.,* and without limitation, Plaintiff's actions of reliance include paying a substantial "up front" fee and foregoing the investigation and/or acquisition of commercial financing from other legitimate sources.

6

32. But for the materially false representations, omissions and concealments of Defendants, Plaintiff would not have transferred any amount of money to Defendants Powell and SFIG nor would Plaintiff have lost the business opportunities and the requisite inability to derive substantial profits from Plaintiffs prospective real estate development. Furthermore, Plaintiff was, at all relevant times, unable to discover the truth of the matters represented and concealed by defendants.

33. Because Defendants' conduct was willful, wanton, malicious, fraudulent and specifically intended to injure Plaintiff, an award of attorneys' fees and punitive damages is warranted to deter Defendants from victimizing anyone again.

## Count 2 – Constructive Fraud

34. Plaintiff restates and incorporates by reference all previous paragraphs contained within this complaint.

35. Plaintiff placed special trust and confidence in Defendants in all matters related to obtaining commercial financing for Plaintiff. Defendants willingly accepted this special trust and confidence, and a fiduciary relationship existed by and between the parties.

36. Defendants have failed to honor the fiduciary relationship that formerly existed between the parties, and Defendants have unconscionably violated the special trust and confidence that had been reposed in them by Plaintiff. Specifically, Defendants Powell and SFIG received, and never returned, substantial "advance fees" from Plaintiff with the understanding that Defendants would act in Plaintiff's best interest to secure financing. However, Defendants failed to act on Plaintiff's behalf and converted the

7

money for its own benefit to the detriment of Plaintiff. Furthermore, Defendants communicated materially false and misleading information to Plaintiff and concealed material facts and information from Plaintiff.

37. Defendants have engaged in constructive fraud, and their actions and inactions were willful, intentional, malicious, unjustified and without legal justification.

38. As the direct and proximate result of Defendants' constructive fraud, plaintiff has suffered, and continues to suffer, damage and loss.

39. Plaintiff is entitled to judgment against Defendants, jointly and severally, for actual, compensatory and special damages suffered by virtue of Defendants' constructive fraud.

40. Plaintiff is entitled to judgment against defendants for punitive damages by virtue of Defendants' intentional, willful, wanton, unjustified and malicious conduct.

## Count 3 – Breach of Fiduciary Duties

41. Plaintiff restates and incorporates by reference all previous paragraphs contained within this complaint.

42. At the times referenced herein, Plaintiff placed special trust and confidence in Defendants in all matters related to obtaining its commercial financing. Defendants accepted this special trust and confidence, and a fiduciary relationship existed by and between the parties.

43. Defendant Patrice failed to honor his fiduciary duty buy actively deceiving Plaintiff regarding his past relationships with Defendants Powell and SFIG; and furthermore, not properly investigating them to determine if they were a legitimate source of financing.

44. Defendants Powell and SFIG have failed to honor the fiduciary relationship that formerly existed between the parties and have unconscionably violated the special trust and confidence that had been reposed in them by Plaintiffs. Specifically, Defendants Powell and SFIG received substantial "advance fees" from Plaintiff. Though Defendants were to have used this money for the benefit of Plaintiff, defendants have wrongfully utilized this money for their own benefit and gain. To make matters worse, Defendants Powell and SFIG failed to inform Plaintiffs that the various financing schemes proposed to it had not worked in the past and that other clients had never received commercial financing nor had these clients received a refund of their "advance fees." Finally, Defendants Powell and SFIG have failed to provide plaintiff with any accounting as to the receipt, management and use of plaintiff's substantial "advance fees."

## Count 4 – Unjust Enrichment

45. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

46. Defendants Powell and SFIG has obtained, and currently retains, a substantial benefit from Plaintiff, in the form of "advance fees" received from Plaintiff.

47. Plaintiff derived no benefit and Defendants failed to perform the services as promised for the payment of the "advance fees."

9

48.     It is inequitable for Defendants Powell and SFIG to retain the money received from Plaintiff and justice and equity requires the return of the "advance fees" to the Plaintiff.

49.     Defendants Powell and SFIG have been unjustly enriched at the expense of the Plaintiff and the Plaintiff has suffered significant damage as a result.

### Count 4 – Breach of Contract

50.     Plaintiff restates and incorporates by reference all previous paragraphs contained within this complaint.

51.     On or about July 13, 2006 Plaintiff entered into a lawful and binding contract with Defendants Powell and SFIG which provided among other things, Defendants would obtain and/or facilitate commercial financing to Plaintiff in the amount of approximately Twelve Million Dollars (12,000,000) or return "advance fees" paid to Defendants.

52.     Defendants Powell and SFIG have unlawfully breached their contract with Plaintiff, by, among other things:

    a.     Defendants failed to provide commercial financing to Plaintiff in any amount whatsoever, much less in the amount of Twelve-Million Dollars (12,000,000);

    b.     Defendants failed to act and conduct themselves in good faith, and, in this respect, Defendants failed to communicate truthful and accurate information to Plaintiff and further went about concealing material information and facts from Plaintiff; and

      c.      Defendants have failed and refused to return a substantial financial deposit to plaintiff.

53.    As the direct and proximate result of defendants Powell and SFIG's breach of contract, Plaintiff has suffered substantial financial loss, damage and harm.

54.    Plaintiff is entitled to judgment against defendants, jointly and severally, for actual, compensatory and special damages suffered by virtue of defendants' constructive fraud.

    WHEREFORE, Plaintiff requests that this honorable court that Plaintiff have and receive judgment against Defendants, jointly and severally, for all damages (actual, general, special, incidental, and consequential) associated with Defendants' unlawful conduct.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

I swear the statements set forth in this Complaint are true to the best of my information, knowledge and belief.

HARBOR WATCH DEVELOPMENT, LLC,

By: _____
Peter Tafvudd
Its: Manager

Subscribed and sworn to before me
this 13th day of July, 2009

_____
Rachel Loe, Notary Public
State of Michigan, County of Emmet
My Commission Expires: 3/25/2012

Respectfully submitted,

RUNNING, WISE & FORD, P.L.C.

Dated: July 10, 2009      By: _____
Michael Corcoran (P 41254)
Attorneys for Plaintiff
326 State Street
P.O. Box 686
Traverse City, MI 49685-0686
(231) 946-2700